UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TONYA THOMASON                                                              PLAINTIFF

V.                           NO. 3:19CV00285-JTR

ANDREW SAUL,
Commissioner of Social Security Administration                  DEFENDANT

### ORDER

## I.   Introduction:

Plaintiff, Tonya Thomason ("Thomason"), applied for disability benefits on April 29, 2015, alleging disability beginning on January 10, 2010.[1] (Tr. at 15). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application on March 8, 2019. (Tr. at 15-26). The Appeals Council denied her request for review on April 29, 2019 (Tr. at 8), making the ALJ's denial of Thomason's application for benefits the final decision of the Commissioner.

For the reasons stated below, the Court[2] reverses the ALJ's decision and remands for further review.

---

[1] The ALJ correctly explains that Thomason's date last insured was well before the alleged onset date, so her application for disability insurance benefits is precluded. (Tr. at 15). The ALJ considered only Thomason's application for supplemental security income benefits. *Id*.

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II. The Commissioner's Decision:

The ALJ found that Thomason had not engaged in substantial gainful activity since April 29, 2015, the alleged onset date. (Tr. at 18). At Step Two, the ALJ found that Thomason had the following severe impairments: degenerative disc disease, neuropathy, muscular dystrophy, depression, and anxiety. *Id.*

After finding that Thomason's impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Thomason had the RFC to perform work at the light exertional level, except that: (1) she can only occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; (2) she cannot climb ladders and must avoid hazards such as unprotected heights and moving mechanical parts; (3) she can perform occasional overhead reaching bilaterally, and frequent handling and fingering bilaterally; (4) she can perform simple, routine, and repetitive tasks as well as make simple work-related decisions; (5) she can concentrate, persist, and maintain pace with normal breaks; and (6) she requires no more than incidental interpersonal contact and simple, direct, and concrete supervision.

The ALJ found that, based on testimony from the VE, Thomason had no past relevant work. (Tr. at 24). Relying upon VE testimony, the ALJ found that, based on Thomason's age, education, work experience and RFC, jobs existed in significant

numbers in the national economy that she could perform, including positions as office helper, laundry worker, folder, document preparer, addresser, and table worker. (Tr. at 25-26). Thus, the ALJ concluded that Thomason was not disabled. *Id.*

### III.  Discussion:

    A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial

evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d. at 477.

  B. Thomason's Arguments on Appeal

Thomason contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues only that the ALJ erred in not considering (or even mentioning) the opinion of consultative examiner Dr. Roger Troxel, M.D. The Court finds support for this argument.

Objective imaging showed mild-to-moderate conditions in Thomason's neck and back. (Tr. at 20-21, 1036, 1313-1323, 1436-1458). She testified to daily pain in her neck and back, worsening with stress and lack of sleep. (Tr. at 21).

Dr. Roger Troxel conducted a consultative examination at the agency's request on August 25, 2015 (Tr. at 1038-1043). He found, based upon his physical examination, that Thomason had limited range of motion in her lumbar and cervical spine. *Id*. He noted that she could not walk on heels and toes, could not squat or arise from a squatting position, and had difficulty with the tandem walk. (Tr. at 1042-1043). As a result, he imposed mild-to-moderate limitations on Thomason's ability to walk, stand, lift, and carry. *Id*.

The ALJ did not even mention Dr. Troxel's opinion, which is perplexing since it was ordered by the agency. Dr. Troxel's exam could be construed as limiting

Thomason to sedentary work. But we have no way of knowing if the ALJ even considered this prospect, since she did not mention the opinion. Failure to mention an important medical opinion, and to meaningfully discuss the opinion, means that the ALJ has not "shown his work," to quote the Eastern District of Missouri. *Smajic v. Berryhill*, 2019 U.S. Dist. LEXIS 6240 *11-12 (W.D. Mo. Jan. 14, 2019).

The ALJ's omission was not harmless error; Dr. Troxel's opinion was important to the adjudication of Thomason's claim. That is because treating nurse Debbie Mills, APRN, opined that Thomason could not sit, stand, or walk for more than one hour, which would preclude even sedentary work. (Tr. at 1472-1473). She offered this opinion on September 6, 2018, via written medical source statement. *Id*. The ALJ gave this opinion little weight. (Tr. at 24). Because this opinion significantly limits Thomason, Dr. Troxel's opinion should have been discussed in conjunction with it. Moreover, because Dr. Troxel's opinion issued four years before the date of the ALJ's decision, it is possible that a second consultative examination was warranted, but that puts the cart before the horse. The ALJ should have assessed and addressed Dr. Troxel's opinion.

**IV.   Conclusion:**

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in

the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court finds that the ALJ's decision is not supported by substantial evidence, because the ALJ did not mention Dr. Troxel's medical opinion.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review.

DATED this 19th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE